

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10 22 09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHYLLIS ROSENFELD SCHNITZER,

                    Plaintiff,

      -against-

BANK LEUMI USA,

                    Defendant.

09 Civ. 3171 (CM) (DCF)

## STIPULATION FOR THE PROTECTION AND EXCHANGE OF CONFIDENTIAL INFORMATION AND DOCUMENTS

       IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Phyllis Rosenfeld Schnitzer and Defendant Bank Leumi USA ("Defendant" or "Bank Leumi"), through their undersigned counsel, as follows:

       1.     Any party to this Stipulation For The Protection And Exchange Of Confidential Information And Documents ("Stipulation") may designate as "Confidential and Protected Matter": (1) any personnel, financial, medical, confidential, payroll records or otherwise personal information, documentation or files that pertain to any current or former employees of Bank Leumi other than Plaintiff; (2) any information, documentation or files pertaining to or identifying any current, former or prospective clients of Bank Leumi; and (3) any other information or documents agreed to in writing by the parties.

       2.     "Confidential And Protected Matter" shall be used solely for the purposes of this litigation and not for any other purpose, litigation or proceeding.

       3.     This Stipulation will extend to any document derived from a source other than a party to this action, if the document received from that source is identical to or a copy of a document provided by a party and designated as "Confidential and Protected Matter."

4.      Confidential and Protected Matter shall be labeled or otherwise designated "Confidential" or the equivalent.   Any confidential designation that inadvertently is omitted subsequent to the entry of this Stipulation may be corrected by written notification to opposing counsel.

5.      If any party or counsel wishes to use or inquire into a Confidential and Protected Matter at any deposition, the portion of the deposition transcript that relates to the Confidential and Protected Matter will be designated and treated as a Confidential and Protected Matter and subject to the confidentiality/protective provisions herein.

6.      Confidential and Protected Matters (including portions of deposition transcripts and interrogatory responses) or information derived therefrom may only be disclosed or made available by the party receiving such information to "Qualified Persons," who are defined to consist of:

(a)     The Court;

(b)     The parties to this action, including those employees deemed necessary to aid counsel in the prosecution and defense of this action;

(c)     Counsel for the parties to this action and the legal, paralegal, clerical and secretarial staff employed by such counsel;

(d)     Deponents, witnesses and possible witnesses, including experts (whether or not retained to testify) utilized in connection with this action, if they sign and date an Affirmation in the form attached hereto as Exhibit "A;"

(e)     Court reporters; and

(f)     Any other person(s) agreed to in writing by counsel for the parties.

2

7.    (a)    A receiving party who seeks to file with the Court deposition transcripts, exhibits, answers to interrogatories, and/or other documents that previously have been designated as comprising or containing Confidential Information, and/or any pleading, brief or memorandum that reproduces, paraphrases or discloses Confidential Information, shall provide all other parties with seven (7) days' written notice of its intent to file such material with the Court, so that the producing party may file by Order To Show Cause a motion to seal such Confidential Information. The Confidential Information shall not be filed until the Court renders a decision on the motion to seal.

(b)    In the event the motion to seal is granted, all deposition transcripts, exhibits, answers to interrogatories, and other documents that previously have been designated by a party as comprising or containing Confidential Information, and any pleading, brief or memorandum that reproduces, paraphrases or discloses such material, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this litigation, the words "CONFIDENTIAL MATERIAL -- SUBJECT TO STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION" as an indication of the nature of the contents, and a statement in substantially the following form:

> "This envelope, containing documents which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the parties and their counsel of record, except by order of the Court of consent of the parties. Violation hereof may be regarded as contempt of the Court."

(c)    Within sixty (60) days after the completion of this action, counsel for any party on whose behalf documents containing Confidential and Protected Matter were submitted will retrieve all the confidential documents he or she has submitted to or filed with the Court. However, if counsel fails to remove such confidential documents after the

expiration of this sixty (60) day period, the parties' reserve their respective rights to seek appropriate relief from the Court.

8.      Each non-lawyer given access to Confidential and Protected Matter or information pursuant to the terms of this Stipulation shall be advised that the Confidential and Protected Matter or information is being disclosed pursuant to and subject to the terms of this Stipulation and may not be disclosed other than pursuant to the terms hereof.

9.      Entering into, agreeing to and/or complying with the terms of this Stipulation shall not prejudice in any way the right of a party at any time: (1) to seek a determination by the Court of whether any particular item or piece of information should be subject to the terms of this Stipulation; or (2) to seek relief on notice from any provisions of this Stipulation, either generally or as to any particular document or piece of information.

10.      Whenever a party objects to the treatment of a document or a portion of a deposition transcript and/or interrogatory response as confidential, counsel for that party shall give such notification in writing to counsel for the party requesting confidential treatment. Within twenty (20) days of receipt of said notice, the party requesting confidential treatment may apply to the Court for a ruling that the document or transcript shall be treated as Confidential and Protected Matter pursuant to the terms of this Stipulation. The document or transcript shall be afforded Confidential and Protected treatment pursuant to the terms of this Stipulation until the Court rules on such application.

11.      The parties reserve the right to seek guidance from the Court regarding the specification of appropriate safeguards concerning evidence at the trial or may do so by later agreement at or before the trial.

4

12.     Upon the termination of this action, the parties shall return to counsel for the producing party documents containing the Confidential and Protected Matter produced by the other party and all copies thereof, or the parties may agree upon appropriate methods of destruction. Any copies of documents containing Confidential and Protected Matter which bear the notations of a non-producing party or the non-producing party's counsel need not be returned to counsel for the producing party and shall be destroyed promptly by counsel for the non-producing party, who shall give written notice of the destruction of the documents to counsel for the producing party.

13.     If Confidential and Protected Matter or information in the possession of a receiving party is subpoenaed or ordered to be produced by any court, administrative or legislative body, or any other person or organization purporting to have authority to subpoena or require the production of such data or information, the party to whom the subpoena or order is directed shall not provide or otherwise disclose such documents or information without first notifying counsel for the producing party in writing of: (1) the information and documentation which is requested for production in the subpoena or order; (2) the date on which compliance with the subpoena or order is requested; (3) the location at which compliance with the subpoena or order is requested; (4) the identity of the party or entity serving the subpoena or order; and (5) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena or order has been issued.

14.     This Stipulation is without prejudice to the right of any person or entity to seek a modification of this Stipulation at any time.

LEVY DAVIS & MAHER, LLP
    29 Broadway
    New York, New York 10006
    (212) 371-0033

Dated: _September 14_, 2009    By: _____
New York, New York

    Jonathan A. Bernstein

    ATTORNEYS FOR PLAINTIFF

JACKSON LEWIS LLP
    59 Maiden Lane, 39th Floor
    New York, New York 10038
    (212) 545-4000

Dated: _Sep temb 14_, 2009    By: _____
New York, New York

    Felice B. Ekelman
    Jason A. Zoldessy

    ATTORNEYS FOR DEFENDANT

6

**EXHIBIT "A"**

**<u>AFFIRMATION</u>**

I, _____, a qualified person as defined by Paragraph "6" of

the foregoing Stipulation for the Protection and Exchange of Confidential Information and

Documents (hereinafter "Confidentiality Stipulation"), hereby affirm that I have read and agree

to abide by all of the terms of the foregoing Confidentiality Stipulation. Accordingly, I shall not

disclose or make available any confidential and protected matter to anyone other than the

qualified persons identified in Paragraph "6" of the foregoing Confidentiality Stipulation.


_____                    _____
Date